# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FLUIDMASTER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-5169 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| KEMPER INDEPENDENCE INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's motions [15; 16] to strike Defendant's first and second affirmative defenses.[1] For the reasons set for the below, the Court grants Plaintiff's motions [15;16] to strike Defendant's first and second affirmative defenses without prejudice and with leave to amend.

**I.    Background**

Plaintiff is a manufacturer and distributer of plumbing supplies, including water supply lines that connect external water supplies to various fixtures and appliances. Defendant is an insurance company that issues policies of property and casualty insurance to property owners, including for damages caused by leaking plumbing fixtures and appliances. Defendant insured Larry and Rosemary Capobianco, who submitted a claim to Defendant for property damage they claim to have incurred as a result of water leaking from a broken acetal coupling nut on a water supply line manufactured by Plaintiff. On or about June 26, 2017, Defendant informed Plaintiff that it intended to file suit against Plaintiff to recover the amount that Defendant paid to its

---

[1] Plaintiff filed two motions to strike that appear to be identical in substance.  [See 15; 16.]

insureds as a result of the leaking supply line. Defendant noted, however, that it wished to explore a pre-suit resolution of its subrogation claim.

While Defendant was waiting for a response from Plaintiff, Plaintiff filed this lawsuit on June 29, 2017, seeking declaratory relief that: (1) Plaintiff's supply line was not defective in any way, (2) Plaintiff was not negligent in the design, manufacture, labeling, inspection, assembly, or testing of its supply line, and (3) Plaintiff is not liable to Defendant for the damages claimed by Defendant. [See 1.] On August 9, 2017, Defendant answered the complaint, bringing three counterclaims and raising five affirmative defenses. [See 11.]

Currently before the Court are Plaintiff's motions to strike two of these affirmative defenses [15;16]. Plaintiff moves to strike Defendant's first affirmative defense, which asserts that Defendant's insureds are indispensable parties under Federal Rule of Civil Procedure 19(b).[2] Plaintiff also moves to strike Defendant's second affirmative defense, which asserts that this Court lacks subject matter jurisdiction because the inclusion of Defendant's insureds as indispensable parties would destroy the Court's diversity jurisdiction.[3]

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(f) "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

---

[2] Defendant's first affirmative defense states: "Plaintiff has failed to join an indispensable party under Rule 19. Defendant's insureds, Larry and Rosemary Capobianco, have a claim against Fluidmaster for their deductible. Defendant Kemper does not have standing to bring a claim for that deductible on their behalf. Larry and Rosemary Capobianco have not been added to this matter, but will be adversely affected by a declaratory judgment in Plaintiff's favor. They are therefore indispensable parties." [11, at 3-4.]

[3] Defendant's second affirmative defense states: "Joinder of Larry and Rosemary Capobianco as indispensable parties under Rule 19 will destroy diversity in this case. Complete diversity is required not only between the plaintiffs and defendants named in the complaint, but also between those whose joinder is indispensable under Rule 19. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 562 (2005). This court therefore lacks subject matter jurisdiction over this case under 28 U.S.C. §1332 because indispensable parties to this matter are not diverse." [11, at 4.]

Civ. P. 12(f). Motions to strike are generally disfavored but may be used to expedite a case by "remov[ing] unnecessary clutter." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); see also *NewNet Commc'n Techs., LLC v. VI E-Cell Tropical Telecom, Ltd.*, 2015 WL 1520375, at *3 (N.D. Ill. Mar. 30, 2015) ("But where a defendant's asserted [affirmative defenses] are both legion and mostly frivolous, a motion to strike can aid the parties in resolving the case by removing irrelevant issues from consideration.").

Affirmative defenses are pleadings and, as such, remain subject to the pleading requirements of the Federal Rules of Civil Procedure. *Heller*, 883 F.2d at 1294; *Shield Techs. Corp. v. Paradigm Positioning, LLC*, 2012 WL 4120440, at *10 (N.D. Ill. Sept. 19, 2012) (noting that affirmative defenses must be adequately pled under Rules 8 and 9 and must withstand a Rule 12(b)(6) challenge). Most courts in this district have applied the "plausibility" pleading standard in *Twombly* and *Iqbal* to affirmative defenses. See *Lincoln Gen. Ins. Co. v. Joseph T. Ryerson & Son, Inc.*, 2015 WL 3819215, at *2 (N.D. Ill. June 18, 2015); *Naylor v. Streamwood Behavioral Health Sys.*, 2012 WL 5499441, at *7 (N.D. Ill. Nov. 13, 2012) (collecting cases). Thus, an affirmative defense must comply with Rule 8(a) by providing "a short and plain statement" of the nature of the defense. *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982) (citing Fed. R. Civ. P. 8(a)). This is meant to give the plaintiff "fair notice" of what the affirmative defense is and the "grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements * * * will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Ordinarily, [affirmative] defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller*, 883 F.2d at 1294.

**III.    Analysis**

Defendant's first and second affirmative defenses are both dependent on its insureds being indispensable parties under Federal Rule of Civil Procedure 19(b).[4]  Under Rule 19(b), "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment, (B) shaping relief; or (C) other measures, (3) whether the judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."  Fed. R. Civ. P. 19(b).  "Rule 19(b) spells out factors for the court to consider ... with an emphasis on practical measures that will allow either the entire suit or part of it to go forward."  *Askew v. Sheriff of Cook County, Ill.*, 568 F.3d 632, 635 (7th Cir. 2009).  "[T]he rule does not state what weight is to be given to each factor.  This must be determined by the court in terms of the facts of a given case and in light of the governing equity-and-good-conscience test."  7 Charles A. Wright & Arthur R. Miller, FED. PRAC. & PROC. § 1608 (3d Ed.) (citations omitted).

Plaintiff argues that insureds typically are not considered indispensable parties in subrogation actions for the purposes of Rule 19(b) and asserts that there is no reason for the Court to reach a different conclusion given the conclusory allegations in Defendant's answer.

---

[4] Because Defendant's insureds cannot be joined without destroying the Court's diversity jurisdiction, the Court can evaluate the Rule 19(b) factors without first determining whether Defendant's insureds are necessary parties under Rule 19(a).  *Bio-Analytical Servs., Inc. v. Edgewater Hosp., Inc.*, 565 F.2d 450, 452 (7th Cir. 1977) ("If, as in the present case, joinder of an absent party would destroy diversity jurisdiction, 19(a) is inapplicable." (citing *Bonnet v. Trs. of Schs. of Twp. 41 N.*, 563 F.2d 831, 834 (7th Cir. 1977)).

4

Defendant concedes that insureds typically are not considered indispensable parties to subrogation actions for the purposes of Rule 19(b). [23, at 4.] Still, Defendant argues that Plaintiff's motions to strike should be denied for four reasons. First, Defendant contends that there is no *per se* rule establishing that insureds are never indispensable parties to subrogation action for the purposes of Rule 19(b). Second, Defendant contends this case is distinguishable from the typical subrogation action, because Plaintiff here seeks a declaratory judgment. Third, Defendant contends that it is premature to strike its first and second affirmative defenses, as discovery has not taken place. Finally, Defendant contends that Plaintiff will not be prejudiced by allowing discovery to go forward with respect to these affirmative defenses. The Court finds these arguments unpersuasive.

Although it is true that there is no *per se* rule establishing that insureds are never indispensable parties to subrogation actions for the purposes of Rule 19(b), Defendant recognizes that insureds typically are not indispensable parties to subrogation actions. [23, at 4.] Defendant's only explanation for why this case differs from the typical case is that this case is a declaratory judgment action. But the Rule 19(b) factors apply in declaratory judgment actions.[5] See, *e.g., Evangelical Lutheran Church in Am. v. Atl. Mut. Ins. Co.*, 173 F.R.D. 507, 508 (N.D. Ill. 1997). The Court must therefore determine whether Defendant's affirmative defenses allege sufficient facts to show that its insureds are indispensable parties under Rule 19(b).

Defendant concedes that the Court "does not have enough information to conduct the case-by-case analysis demanded by Rule 19(b) at this time," implicitly recognizing that its first and second affirmative defenses are facially deficient. Defendant argues, however, that the Court should not strike its first and second affirmative defenses "until there are sufficient facts to

---

[5] The Court notes that Defendant brings counterclaims for strict liability, negligence, and breach of express and implied warranties [11, at 6-9], making this lawsuit more like a typical subrogation action.

evaluate whether the [insureds are indispensable parties] to this declaratory judgment action." [23, at 6.] In support of this argument, Defendant relies on *Leon v. Jacobson Transportation Company*, in which the court declined to extend the *Twombly* and *Iqbal* pleading standard to affirmative defenses because "[i]t is to everyone's benefit to have defendant plead its affirmative defenses early, even if defendant does not have detailed facts." 2010 WL 4810600, at *1 (N.D. Ill. Nov. 19, 2010). That case, however, is at odds with the approach taken by a majority of courts in this district, which have held the *Twombly* and *Iqbal* pleading standard applies to the pleading of affirmative defenses. See, *e.g., Shield Techs. Corp.*, 2012 WL 4120440, at *7 (discussing the issue at length and citing cases). The Court recognizes that defendants are under somewhat of a time crunch to develop and plead affirmative defenses in their first responsive pleading, but the Court agrees with the courts that have applied the *Twombly* and *Iqbal* pleading standard to the pleading of affirmative defenses. As discussed above, affirmative defenses are pleadings and remain subject to the pleading requirements of the Federal Rules of Civil Procedure. *Heller*, 883 F.2d at 1294. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements * * * will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Here, Defendant's first and second affirmative defenses do not allege facts sufficient to show that its insureds are indispensable parties under Rule 19(b) and therefore are facially deficient.

First, Defendant has not alleged facts showing that it or its insureds would be prejudiced by allowing the case to proceed without joining its insureds. Defendant's only allegation of potential prejudice is its allegation that its insureds "have a claim against Fluidmaster for their deductible." [11, at 3-4.] But Defendant has not alleged that its insureds actually intend to bring a suit against Plaintiff to recover their deductible. The fact that its insureds have a potential claim—without any indication that they intend to pursue that claim—is not sufficient to establish that Defendant's

6

insureds would be prejudiced by allowing this suit to proceed without them.[6]  *State Farm Fire & Cas. Co. v. Electrolux Home Prod., Inc.*, 2012 WL 1287698, at *4 (N.D. Ill. Apr. 16, 2012) (holding that deductible paying insureds were not indispensable parties under Rule 19(b) because there was "no indication that any of the insured[s] who paid deductibles have pursued or plan to pursue a separate action * * * to recover their deductibles").  In fact, given the cost of litigation, absent an allegation of an extraordinarily high deductible, an action by an insured seems highly unlikely.  *Hughes v. Kore of Indiana Enter., Inc.*, 731 F.3d 672, 675 (7th Cir. 2013) (concluding that it would "not be realistic" for individuals to file lawsuits to recover $100).  The cost of the filing fee alone would consume a sizable portion of any recovery in an action to recover the deductible of a typical homeowners insurance policy.  Thus, Plaintiff simply has not alleged facts to plausibly show that its insureds would be prejudiced if the Court allows Plaintiff to proceed with its case without joining Defendant's insureds.[7]  *Id.*  Without alleging some additional kind of prejudice, the first Rule 19(b) factor weighs in favor of allowing the case to proceed.

Second, because Defendant has not alleged facts indicating that Defendant or its insureds would be prejudiced by allowing the action to proceed, the second factor —the extent to which the prejudice can be lessened or avoided—is of no concern.  *Evangelical Lutheran Church in Am*, 173 F.R.D. at 509.

---

[6] "A finding of indispensability based on the existence of an insured's cause of action, with no indication that the right will be exercised, would result in a *per se* rule that all insured must be joined in an action brought by partially subrogated insurance companies, contrary to the case-by-case analysis demanded by Rule 19(b)." *State Farm Fire & Cas. Co. v. Electrolux Home Prod., Inc.*, 2012 WL 1287698, at *4 (N.D. Ill. Apr. 16, 2012).  This is precisely the type of *per se* rule that Defendant recognizes is inappropriate under Rule 19(b).

[7] Even if Defendant alleged that its insureds intend to bring a claim against Plaintiff, it is not clear from the parties' briefing that this would be sufficiently prejudicial to establish that Defendant's insureds are indispensable parties under Rule 19(b).  The parties' briefs do not address how a judgment in this case would affect a case brought by Defendant's insureds.

Third, Defendant does not allege any facts showing that a judgment rendered in the absence of its insureds would be inadequate. Indeed, Defendant does not even address this factor at all in its opposition to Plaintiff's motions to strike.

Fourth, although Plaintiff would have an adequate remedy if this action were dismissed for nonjoinder, as Plaintiff could file this action in state court, this factor alone does not establish that this action should not proceed in equity and good conscience. *Bonnet v. Trs. of Schs. of Twp. 41 N., Range 12 E. of Third Principal Meridian, Cook Cty., Ill.*, 563 F.2d 831, 833 (7th Cir. 1977) ("[W]e do not view the availability of an alternative remedy, standing alone, as a sufficient reason for deciding that the action should not proceed among the parties before the court."); *Bio-Analytical Servs., Inc. v. Edgewater Hosp., Inc.*, 565 F.2d 450, 453 (7th Cir. 1977) (holding that the availability of an alternate remedy alone is not sufficient reason to find that a party is indispensable under Rule 19(b)). Considering all the Rule 19(b) factors together, the Court finds that Defendant has not alleged facts sufficient to show that its insureds are indispensable parties.

Defendant also argues that Plaintiff will not be prejudiced by allowing discovery to go forward with respect to these affirmative defenses. However, the absence of prejudice to the opposing party does not save otherwise facially insufficient allegations from being stricken. The Court notes that defendants always have the option to add affirmative defenses at a later time should they develop a plausible basis for doing so. See Fed. R. Civ. P. 15(a)(2) (instructing courts to freely give a party leave to amend its pleadings "when justice so requires"); *Kirsch v. Brightstar Corp.*, 2014 WL 5166527, at *5 (N.D. Ill. Oct. 10, 2014) (allowing defendant to add an affirmative defense more than a year after defendant filed its answer and more than a month after the close of discovery). Should Defendant develop a plausible factual basis for its first and second affirmative defenses through discovery, Defendant may move for leave to amend its answer.

## V.  Conclusion

For the foregoing reasons, the Court grants Plaintiff's motions [15; 16] to strike Defendant's first and second affirmative defenses without prejudice and with leave to amend.

Dated: November 13, 2017

_____
Robert M. Dow, Jr.
United States District Judge